A91A0934. KIRBY v. THE STATE.
(410 SE2d 333)

SOGNIER, Chief Judge.
Following a bench trial in Whitfield County Superior Court, William Kirby was found guilty but mentally ill of 12 felony offenses and 18 misdemeanor offenses. He was sentenced to ten years to serve concurrent on all counts. He appeals from the judgment entered on the verdict.

In his sole enumeration, appellant contends the trial court erred by finding him guilty but mentally ill instead of not guilty by reason of insanity. The evidence adduced at trial revealed that for a period of approximately 18 months beginning in December 1987, appellant defrauded several people of nearly $300,000. The victims included several customers of appellant's used car lot, as well as investors in the same business. Appellant accepted cars on consignment, but kept

the money after the cars were sold. On several occasions investors advanced funds to appellant with the understanding that the money would be used as working capital. One investor testified that soon after he inquired when he would begin to realize a return on his investment, appellant misled him into believing that appellant had been arrested because some of the cars which he had been selling were stolen. The investor further testified that appellant claimed to be participating in a court-sanctioned sting operation, and that appellant told him that his money could not be returned until the sting operation was completed because the court had frozen appellant's bank accounts. When another investor arrived at the car lot to collect money which appellant had promised to repay, he was told by appellant that "everything's gone." Soon after he admitted to his investors that he had defrauded them, appellant became suicidal and was admitted to a psychiatric hospital.

Evidence was also adduced that appellant suffers from a multiple personality disorder. Appellant's private psychiatrist, Dr. Weatherly, testified that during the period during which the crimes were committed, appellant actually had two personalities. The "bad" personality which committed the crimes was known as Kirby, and the "good" personality, which was largely repressed by Kirby during the period of criminal activity, was known as Bill. Dr. Weatherly further testified that "Bill certainly knows the difference in right and wrong and certainly feels guilty about what happened. Kirby, I think, knew the difference in right and wrong but probably didn't care." Dr. Perri, a psychologist appointed by the trial court to assess appellant's competence to stand trial, confirmed Dr. Weatherly's diagnosis that appellant suffered from a multiple personality disorder, and stated that he believed that Kirby was the personality that committed the crimes. At trial, Dr. Perri also testified that there was no indication that either personality was suffering from a delusional compulsion, nor was there any indication that either personality could not distinguish right from wrong. Neither Bill nor Kirby has ever offered an explanation as to what happened to the money taken from the victims, and appellant testified at trial that he does not remember what happened to the money.

In his brief, appellant acknowledges that *Kirkland v. State*, 166 Ga. App. 478 (304 SE2d 561) (1983) is controlling authority for the case sub judice, but argues that *Kirkland* should be overruled because recent advances in the study of multiple personality disorders have rendered the *Kirkland* decision obsolete. However, appellant merely points out that multiple personality disorders are more widely recognized as a form of psychosis today than in 1983 when this court decided *Kirkland*. Appellant fails to put forth any sound argument to support the proposition that a person suffering from a multiple per-

sonality disorder should be absolved of criminal responsibility. "The law adjudges criminal liability of the person according to the person's state of mind at the time of the act; we will not begin to parcel criminal accountability out among the various inhabitants of the mind." *Kirkland*, supra at 480. The reasoning behind this policy remains as valid today as it was when the *Kirkland* decision was handed down. " 'There was only one person (committing the criminal act) . . . and only one person accused (of it). It is immaterial whether [he] was in one state of consciousness or another, so long as in the personality then controlling [his] behavior, [he] was conscious and [his] actions were a product of [his] own volition.'. . . [Cit.]" (Emphasis omitted.) *Kirkland*, supra at 480. In the case at bar, it is undisputed that appellant was conscious and acting under his own volition. Moreover, appellant was able to recognize right from wrong and was not suffering from delusional compulsions. See OCGA §§ 16-3-2; 16-3-3. Therefore, we must conclude that the trial court did not err by finding appellant guilty but mentally ill.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 5, 1991.

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney, David T. Blackburn, Assistant District Attorney*, for appellee.